*In re* SPENCER.

JONES *v.* WASAMA.

1. ADOPTION—RELEASE—CONSENT.
   A release of a child for the purpose of adoption is something
   less than, but a part of, a consent given, in effect, by the
   signer of the release in conjunction with the licensed place-
   ment agency in whose favor the release was executed (CL 1948,
   § 710.3).

2. SAME—GUARDIAN AND WARD—CONSENT INCLUDES RELEASE.
   The statutory authority conferred upon a guardian of the person
   of a child to consent to adoption of the child carries within
   it the implied and included authority to release the child for
   adoption (CL 1948, § 710.3).

3. SAME—RELEASE BY GUARDIAN—CONSENT BY LICENSED PLACEMENT
   AGENCY.
   Consent to adoption of a child, executed by licensed placement
   agency to which duly appointed guardian of the child's person
   had released the child, was legally effective, where the agency's
   consent was executed after the release (CL 1948, § 710.3).

Appeal from Wayne; Brennan (Vincent M.) J.
Submitted October 7, 1953. (Docket No. 20, Calen-
dar No. 45,862.) Decided November 27, 1953.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 1 Am Jur, Adoption of Children § 25 *et seq.*
[1–3] Consent by public authority or by person other than parents
       having control of child as necessary to valid adoption of child.
       104 ALR 1464.
       Sufficiency of parent's consent to adoption of child. 24 ALR2d
       1127.
       Consent as affecting religion as a factor in adoption pro-
       ceedings. 23 ALR2d 704.

In matter of Catherine Spencer, a minor. Rosella Jones, guardian *ad litem* of Louise Spencer, filed the petition praying that the minor adopted by Reynold Wasama and wife be restored to its natural mother. On trial in circuit court, the order of probate court denying petition was affirmed. Plaintiff appeals. Affirmed.

*James M. Skillman,* for plaintiff.

*T. G. Daines,* for defendants.

DETHMERS, C. J. Plaintiff appeals from an order of the circuit court confirming a probate court order for adoption and denying a petition to restore the adopted child to its natural parents. Others are urged, but the only meritorious question properly before us on the record is whether the provisions of CL 1948, § 710.3 (Stat Ann 1951 Cum Supp § 27.3178 [543]), have been complied with to accomplish a legal adoption when the release of child to a licensed placement agency for adoption was not executed by the mother, but by the father and the guardian of the person of the child duly appointed by the probate court for the purpose of consenting to adoption, and when the consent to adoption was not filed by the mother nor the guardian of the person of the child, but by the licensed placement agency to which the child had been released. Pertinent provisions of said section read as follows:

"Sec. 3. Consent to such adoption shall be filed:
"a. By the parents or the survivor or, in the case of a child born out of wedlock, the mother,   *   *   *
"(2) Unless the child has been released for the purpose of adoption by the parents or surviving parent, or by the mother if the child is born out of wedlock, to a licensed child placement agency;   *   *   *

"(3) Unless a guardian of the person of said child has been appointed, in which case said guardian shall execute said consent and court order therefor need not be first obtained; * * *

"c. By the duly authorized representative of the Michigan children's institute, or a placement agency licensed by the State to whom the child has been released, if said child has been so released;

"d. By the guardian of the person of said child if one has been appointed."

It is to be noted that the statute requires that a consent to adoption must be filed by parents unless, *inter alia,* a guardian of the person of the child has been appointed, in which case the consent, if any, shall be executed by such guardian. In the instant case the guardian of the person of the child, appointed by the probate court, executed a release but not a consent. Execution of a consent by the guardian would have constituted a complete consenting operation on her part, sufficient to fulfill the requirements of the statute. A release is something less than, but a part of, a consent given, in effect, by the signer of the release in conjunction with the agency in whose favor the release was executed. While the express terms of the statute provide for execution of a release only by parents, the statutory authority conferred upon a guardian to consent to adoption carries within it the implied and included authority to release for adoption. To say that parents may either execute a consent or release the child to an agency and leave it to the latter to give the consent, but that a guardian may go the whole route of consenting, but may not, by the process of giving a release, act in conjunction with such agency to effect a consent, flies in the face of the manifest legislative intent and plain meaning of the entire section.

The release by the guardian being valid under the statute, it follows that the subsequent consent

·executed by the licensed placement agency to which the child had been released was likewise legally effective.

Affirmed, with costs to defendants.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.