338 Mich. 50 (1953)
61 N.W.2d 75
In re SPENCER.
JONES
v.
WASAMA.
Docket No. 20, Calendar No. 45,862.
Supreme Court of Michigan.
Decided November 27, 1953.
*51 James M. Skillman, for plaintiff.
T.G. Daines, for defendants.
DETHMERS, C.J.
Plaintiff appeals from an order of the circuit court confirming a probate court order for adoption and denying a petition to restore the adopted child to its natural parents. Others are urged, but the only meritorious question properly before us on the record is whether the provisions of CL 1948, § 710.3 (Stat Ann 1951 Cum Supp § 27.3178 [543]), have been complied with to accomplish a legal adoption when the release of child to a licensed placement agency for adoption was not executed by the mother, but by the father and the guardian of the person of the child duly appointed by the probate court for the purpose of consenting to adoption, and when the consent to adoption was not filed by the mother nor the guardian of the person of the child, but by the licensed placement agency to which the child had been released. Pertinent provisions of said section read as follows:
"Sec. 3. Consent to such adoption shall be filed:
"a. By the parents or the survivor or, in the case of a child born out of wedlock, the mother, * * *
"(2) Unless the child has been released for the purpose of adoption by the parents or surviving parent, or by the mother if the child is born out of wedlock, to a licensed child placement agency; * * *
*52 "(3) Unless a guardian of the person of said child has been appointed, in which case said guardian shall execute said consent and court order therefor need not be first obtained; * * *
"c. By the duly authorized representative of the Michigan children's institute, or a placement agency licensed by the State to whom the child has been released, if said child has been so released;
"d. By the guardian of the person of said child if one has been appointed."
It is to be noted that the statute requires that a consent to adoption must be filed by parents unless, inter alia, a guardian of the person of the child has been appointed, in which case the consent, if any, shall be executed by such guardian. In the instant case the guardian of the person of the child, appointed by the probate court, executed a release but not a consent. Execution of a consent by the guardian would have constituted a complete consenting operation on her part, sufficient to fulfill the requirements of the statute. A release is something less than, but a part of, a consent given, in effect, by the signer of the release in conjunction with the agency in whose favor the release was executed. While the express terms of the statute provide for execution of a release only by parents, the statutory authority conferred upon a guardian to consent to adoption carries within it the implied and included authority to release for adoption. To say that parents may either execute a consent or release the child to an agency and leave it to the latter to give the consent, but that a guardian may go the whole route of consenting, but may not, by the process of giving a release, act in conjunction with such agency to effect a consent, flies in the face of the manifest legislative intent and plain meaning of the entire section.
The release by the guardian being valid under the statute, it follows that the subsequent consent *53 executed by the licensed placement agency to which the child had been released was likewise legally effective.
Affirmed, with costs to defendants.
ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.